Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor,
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YESH MUSIC, LLC,

                           Plaintiff,

                      v.

MAJOR LEAGUE BASEBALL PROPERTIES,
INC., MAJOR LEAGUE BASEBALL NETWORK,
LLC, and MLB ADVANCED MEDIA, L.P.,

                         Defendants.
-----------------------------------------------------------------x

Case No.:18-cv-5885

**ECF CASE**

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant MAJOR LEAGUE BASEBALL PROPERTIES, INC.,("MLBP"), MAJOR LEAGUE BASEBALL NETWORK, LLC, ("MLBN"), and MLB ADVANCED MEDIA, L.P ("MLBAM") for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 ("DMCA").  Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## NATURE OF THE ACTION

1. Defendant MLBN created a database of musical recordings, and illegally reproduced plaintiff's copyrighted recording *Twelve Days Awake* U.S. Registration No. SR 708-

513 (the "Copyrighted Recording") (annexed as **Exhibit 1**), without a license or authority. Defendant MLBN distributed that database, including the Copyrighted Recording, to various employees at MLBN.

2. Defendant MLBN then taped a show called MLB Tonight which was broadcast on or about May 23, 2018 (the "Subject Episode"). Defendant MLBN synchronized the Copyrighted Recording to three separate places of the Subject Episode without a synchronization, or other, license.

3. The Subject Episode was simulcast by defendant MLBAM to YouTube and www.mlb.com. MLBAM then posted the Subject Episode to its website located at www.mlb.com. In fact, even after plaintiff complained of the infringement, the defendants elected to keep the Subject Episode active on their website.

4. Defendants' election to continue to infringe alone is clearly a significant demonstration of its intention to infringe. Defendants also attempted to mislead the plaintiff, claiming the Subject Episode was only a "one-off live event", and not taped. This is, of course, not true, and defendants knew their statement was false when it was made. Every episode of MLB Tonight is taped and simulcast to YouTube and ww.mlb.com. This is confirmed by MLBN's website which clearly states MLB Tonight is a taped show. Every episode of MLB Tonight is then rebroadcast three hours later and posted permanently on the www.mlb.com website.

5. Defendants' actions satisfy the standards for enhanced damages under Section 504(c) of the Act, and plaintiff has been injured as a result of defendant's actions.

6. Defendants' abstraction of the Copyrighted Recording, and removal of all identifying information is a violation of the DMCA.

## JURISDICTION

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

8. This Court has *in personam* jurisdiction over the defendant because the defendants has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction. MLBP and MLBAM maintain a headquarters in this Judicial District and derives significant income from this Judicial District.

9. Defendants contracted with SIRIUS radio and conducts numerous radio feeds from this Judicial District.

10. As described above, defendants regularly do or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

## VENUE

11. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

12. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

13. Plaintiff's Copyrighted Recording was registered prior to the alleged infringement, and satisfies the registration prerequisite under 17 U.S.C. 412(c). See **Exhibit 1**.

## PARTIES

14. At all times material hereto, plaintiff YESH MUSIC, LLC ("YESH") was, and is, a company organized under the laws of New York state with a principal place of business located at 75-10 197th Street, Flushing, New York. YESH is the sole beneficial rights holder to the Copyrighted Recording.

15. Upon information and belief, defendant MAJOR LEAGUE BASEBALL PROPERTIES, INC. ("MLBP") was, and is, is a corporation organized under the laws of Delaware with a principal place of business located at 245 Park Avenue, New York, NY 10167

16. Upon information and belief, defendant MAJOR LEAGUE NETWORK, LLC ("MLBN") was, and is, is a limited liability company organized under the laws of Delaware with a principal place of business located in at 40 Hartz Way, Suite 10, Secaucus, New Jersey 07094.

17. Upon information and belief, defendant MLB ADVANCED MEDIA, L.P. ("MLBAM") was, and is, is a limited partnership organized under the laws of Delaware with a principal place of business located at 75 9th Ave, New York, NY 10011.

## FACTS

18. Plaintiff YESH is the assignee and sole beneficial owner of all rights associated with the recording *Twelve Days Awake* U.S. Registration No. SR 708-513.

19. The two members of plaintiff are professional full-time musicians, and the composers of the Subject Recording.

20. Defendant MLBP controls the merchandising and licensing for all 30 MLB teams in both the American and National Leagues and affiliated entities and Spring Training, Opening Day, All Star Game events, Division Series, League Championship Series, World Series and special programs. All use of Major League Baseball trademarks and copyrights on, or in connections with, products or services requires the express authorization of MLBP and/or the respective Major League Baseball entities.

21. Defendant MLBN describes itself as:

> MLB Network is the ultimate television destination for baseball fans, featuring the multiple Emmy Award-winning "MLB Tonight," live regular season and Postseason game telecasts, original programming, highlights,

and insights and analysis from the best in the business, including Bob Costas, Peter Gammons, Jim Kaat, Al Leiter and Harold Reynolds.

22. Defendant MLBAM is a limited partnership of the club owners of Major League Baseball (MLB) based in New York City and is the Internet and interactive branch of the league.

23. Defendant MLBN created a database of musical recordings which its producers could access to include in various programs created by MLBN.

24. Defendant MLBN distributed the database which illegally reproduced plaintiff's Copyrighted Recording in violation of Sections 106(1) and 106(3) of the Act.

25. On or about May 23, 2018, defendants MLBP and MLBN synchronized the Copyrighted Recording to an episode of MLB Tonight.

26. MLB Tonight is television show produced by MLBN with the express authorization of MLBP and is listed as a "live" program but is not actually live. First, defendant MLBN tapes the program, and then broadcasts that taped version some period later. During the course of the May 23, 2018 taping, defendant went to its database of recordings, and selected plaintiff's Copyrighted Recording. Defendant then illegally synchronized the Copyrighted Recording to three separate segments of the Subject Episode.

27. MLBN admits on its website "MLB Tonight is taped at MLB Network's Studio 42 and Studio 3."

28. The Subject Episode was also simulcast to the Internet via defendant MLBAM to YouTube and www.mlb.com.

29. The Copyrighted Recording became the subject of the Subject Episode when the announcers discussed who authored the musical work.

5

30. Defendant MLBAM also permanently posted the Subject Episode on the Internet at www.mlb.com.

31. Defendant MLBN previously licensed the Copyrighted Recording in 2011 and 2012. These licenses were for one year each, and allowed for the synchronization of the Copyrighted Recording.

32. Rather than seek to get a new license, defendants simply reproduced, distributed, and synchronized the Copyrighted Recording without license or authority.

33. Defendants had no license, since 2012, to reproduce, distribute, or synchronize the Copyrighted Recording.

34. Defendants' use was not an accident. The Copyrighted Recording should have been removed from their database to make sure it was not used. Defendants should have been on a heightened alert to not use the Copyrighted Recording due to the fact that a prior claim of infringement brought before this Court over their use of the same Copyrighted Recording.

35. Defendants were notified on June 13, 2018 of the infringement. Rather than admit their wrong doing, and take down the infringing material, the defendants lied, and claimed the use was absolutely live, and subject to performance royalties only. Defendants claimed there was no taping, and consequently no posting on www.mlb.com.

36. Defendants, however, knew it was not a live event. It says on the MLBN website that MLB Tonight is a taped broadcast. Defendant also knew that the Subject Episode was simulcast and posted permanently on the Internet. The Subject Episode could be viewed at https://www.mlb.com/video/mlb-tonight-letter-writing/c-2073698183?tid=7417714.

37. It was removed only after defendants were caught misrepresenting the facts to hide the infringement. For at least ten days the Subject Episode was live even though they were notified of the infringement.

38. In the Subject Episode the Copyrighted Recording was used in three segments. The first was for nine seconds (:09), the second was for fifty-two seconds (:52), and the third was for two minutes (2:00).

39. In the third segment of the Subject Episode the Copyrighted Recording became the subject of the show; the broadcasters discussed who authored the musical work.

40. Defendants' misrepresentation that it was purely a "one-off live show" was clearly meant to mislead plaintiff into believing there was no infringement, and is a demonstrative showing of defendants' intent to infringe.

41. This falls squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act and violates the Digital Millennium Copyright Act.

42. Defendants failure to cite information which identified the Copyrighted Recording, the author of the Copyrighted Recording, the owner of any right in the Copyrighted Recording, or information about the terms and conditions of use of the Copyrighted Recording is a violation of the DMCA.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT

43. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

44. It cannot be disputed that the plaintiff has valid, registered copyrights, and owns all rights to the Copyrighted Recording.

45. First, defendant MLBN reproduced and distributed the Copyrighted Recording in the MLBN database, with no license or authority.

46. Defendant MLBN operates with the express permission and under the authority of MLBP.

47. Defendants MLBP and MLBN, without authority from plaintiff, synchronized the Copyrighted Recording to the Subject Episode and then broadcast that episode.

48. Again, defendant had no synchronization or other license.

49. Defendant MLBN then re-broadcast the Subject Episode three hours later.

50. Defendant MLBAM simulcast the Subject Episode and then uploaded the Subject Episode to its website.

51. Defendants refused to stop distributing the Subject Episode after notice.

52. Defendants have intentionally infringed (pursuant to Section 504(c)) plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

53. Defendants' use of the Copyrighted Recording was not for criticism, comment, news reporting, teaching, scholarship, or research.

54. Defendants' use was not transformative or a fair use.

55. Defendants elected to reproduce, synchronize, and distribute plaintiff's Copyrighted Recording, using the entirety of the song, without a license.

56. Defendants have intentionality infringed plaintiff's rights under Section 106 of the Act.

57. Defendants failed to include information which identified the Copyrighted Recording, the author of the Copyrighted Recording, the owner of any right in the Copyrighted Recording, or information about the terms and conditions of use of the Copyrighted Recording.

58.     As a direct and proximate result of defendants' infringements, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA

59.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

60.     Section 1202 of the DMCA provides, in part: "(a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(a)-(b)."

61.     Copyright management information is defined as: "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note

62.     Defendants failed to include information which identified the Copyrighted Recording, the author of the Copyrighted Recording, the owner of any right in the Copyrighted Recording, or information about the terms and conditions of use of the Copyrighted Recording.

9

63. The defendants violated the DMCA each time they wrongfully distributed the Subject Episode.

64. Defendants also violated section 1202 by, upon information and belief, by abstracting the Copyrighted Recording, removing and/or altering their anti-circumvention software.

65. Defendants did the forgoing with the intent to conceal the infringement.

66. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000, per violation plus its reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant and awarding plaintiff as follows:

1. restitution of defendants' unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable;

6. such other and further relief that the Court may deem just and proper.

### Trial Demand

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 29, 2018             **GARBARINI FITZGERALD P.C.**
New York, New York

By: _Richard M. Garbarini_ (signature)
Richard M. Garbarini (RG 5496)